# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00811-CR

**Goldie Denise Thorne, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY
### NO. 2C98-3259, HONORABLE GERALD M. BROWN, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

After a plea of guilty, the trial court found Goldie Denise Thorne guilty of theft of at least $500 but less than $1500. Tex. Pen. Code Ann. § 31.03(a), (e)(3) (West 2003). The court assessed a sentence of ten days in jail, a $1500 fine, and costs of court. Appellant raises three issues on appeal related to the alleged deprivation of her right to a speedy trial. We hold that appellant was not denied her right to a speedy trial and affirm the judgment.

### BACKGROUND

Thorne was originally arrested on May 30, 1998 for stealing clothing. She was released that day after a $2500 appearance bond was posted. The court appointed an attorney for her on July 21, 1998, in advance of a pretrial hearing set for August 5th. On August 4th, appellant and the State filed an agreed motion for continuance of that hearing so that further investigation could

occur; the court reset the pretrial hearing to September 9th. On that date, the parties agreed to a continuance of the pretrial hearing so that appellant could review the facts with the prosecutor and review a surveillance video; the court reset the pretrial hearing to September 30th. On that date, the parties agreed to a continuance of the hearing on the same basis as the previous motion; the court reset the pretrial hearing to October 21st. On that date, the parties agreed to a continuance of the hearing so that appellant's attorney could review the surveillance tape and advise her; the court reset the pretrial hearing to November 18th. On that date, the court set a trial date for January 8, 1999 for a plea of guilty or nolo contendere pursuant to a plea agreement with the State.

On January 8, 1999, appellant failed to appear. The court rendered a judgment nisi and issued a capias on January 12, 1999. Although appellant testified that she continued to live at the same address and work in Bell County until the present day, she was not arrested pursuant to the capias until January 4, 2002, after she was stopped for a traffic violation. On February 14th, she filed a motion for speedy trial, requesting that trial be held on or before April 8th; she also filed a motion to dismiss based on the State's failure to execute the capias and provide a speedy trial despite her constant residence in Bell County. A hearing set for March 20, 2002 was reset by agreement due to the prosecutor's illness.

The court took up the motions for speedy trial and to dismiss at an April 17, 2002 hearing. Appellant testified that the house where she lived was in her grandmother's name and the telephone was listed in her mother's name. She testified that she believed that the civil suit by the victimized store replaced the criminal prosecution. She stopped checking in with her bond company after receiving the notice of the civil suit. She did not appear at either the civil or the criminal trial.

2

She later admitted that she had been charged and convicted of theft at least five times previously, and that in each of those cases she considered the case closed after she pled guilty in front of the judge and signed the paperwork.

Anthony Anderson, a representative of appellant's bail bond company, testified that his company sent appellant notice of her trial date. He testified that when she did not appear at the January 1999 trial, someone from his company called appellant's home. Appellant's mother or grandmother said that appellant had not been seen around the house for some time. Anderson said appellant wrote on her bond application that she had no employer, and that she did not update that information. He also testified that appellant had failed to appear in a previous case on which his company posted her bail.

At the end of the hearing, the court denied the motion to dismiss. Appellant reurged her motion for a speedy trial and requested trial on April 22, 2002. The prosecutor argued that there was no rush because appellant was not incarcerated and had not shown that any witnesses would be lost. Without expressly ruling on the motion for speedy trial, the court instructed appellant's lawyer to meet with the court coordinator and request a trial setting.

Trial was set for June 24, 2002, but the parties filed an agreed motion for continuance so that they could confer concerning unspecified "recent developments." The court reset the trial for August 19th. In August, the parties filed an agreed motion for continuance because a material witness was unable to testify; the court reset the trial for October 28th. With the court's permission to appeal issues raised in written motions and ruled on at the pretrial hearing, appellant pled guilty and was sentenced on October 25, 2002. She then filed a notice of appeal.

**DISCUSSION**

Although appellant asserts three issues on appeal, they all center around her claim that she was denied her right to a speedy trial. She complains that the State failed to exercise due diligence in apprehending her, that the delay of three years before her trial was unconstitutional, and that the trial court accordingly erred by denying her motion to dismiss. The first and third issues are variations on the assertion that she was denied her right to a speedy trial. We are cited to no right to a speedy arrest following a failure to appear, so any delay in the arrest is important only as it affects the right to speedy trial. Because the motion to dismiss is premised on the denial of the right to a speedy trial, we will consider all the issues together.

The United States Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. Const. amend VI. This right is applicable to state criminal prosecutions. *See* U.S. Const. amend. XIV; *Klopfer v. North Carolina*, 386 U.S. 213, 222-23 (1967). Texas law also requires a speedy trial. *See* Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.05 (West 1997). If a violation of the speedy trial right is established, the only possible remedy is dismissal of the prosecution. *Strunk v. United States*, 412 U.S. 434, 440 (1973). Speedy trial analysis requires us to examine four factors: (1) length of delay; (2) reason for delay; (3) assertion of the right; and (4) prejudice to the accused. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). We will consider each factor separately.

**1. Length of delay**

Although there is no absolute length of time that is unreasonable, the court of criminal appeals has cited authority opining that a delay of eight months from arrest to trial is presumptively

4

unreasonable enough to trigger further scrutiny. *Harris v. State*, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992) (citing 2 LaFave & Israel, Criminal Procedure § 18.2(b) (1984) and assuming arguendo that thirteen-month delay triggered scrutiny but, under circumstances, not violative of speedy trial right). The passage of time in this cause between the January 2002 arrest and the October 2002 trial does not meet this criterion—especially because appellant agreed to the two trial postponements in June and August 2002. We will thus concern ourselves only with the delay following the original 1998 arrest.

## 2. Reason for delay

Under *Barker* "different weights should be assigned to different reasons" for the delay. *State v. Munoz*, 991 S.W.2d 818, 822 (Tex. Crim. App. 1999) (citing *Barker*, 407 U.S. at 531). A deliberate attempt to delay the trial should be weighed heavily against the government. *Munoz*, 991 S.W.2d at 822. A more neutral reason such as negligence or overcrowded courts should be weighed against the government less heavily. *Id*. A valid reason for the delay should not be weighed against the government at all. *Id*. And delay which is attributable in whole or in part to the defendant may even constitute a waiver of a speedy trial claim. *Id*.

This delay is attributable to the State only by its agreement to continuances and by its failure to re-arrest appellant promptly after she failed to appear at her original plea hearing. In both matters, appellant shares the blame for the delay. Every continuance in the record was based on an agreed motion, and many appeared to have been prompted by appellant's desire to do more investigation. The State would not have needed to re-arrest appellant had she appeared at her

5

original trial in January 1999. Despite appellant's testimony that she lived at the same address during the hiatus of this case, she admitted to staying other places intermittently. Further, the bail bondsman testified that his company was told that appellant had not been seen around her home prior to her failure to appear in January 1999.

Even if the State is required to use diligence to arrest a suspect, *see Rivera v. State*, 990 S.W.2d 882, 889 (Tex. App.—Austin 1999, pet. ref'd), the State promptly arrested appellant originally. We are cited to no authority requiring diligence in seeking to re-arrest a defendant following her failure to appear at a plea hearing. This situation is not controlled by probation-revocation cases requiring that, in order to extend the trial court's jurisdiction over a probationer beyond the term of supervision, the State must show that a capias has issued and that the State diligently attempted to arrest the probationer. *See Peacock v. State*, 77 S.W.3d 285, 287 (Tex. Crim. App. 2002). In this case, there is no similar expired term of years.

The primary reason for the delay was not action or inaction by the State, but appellant's failure to appear at the January 1999 trial. That date was less than eight months from her arrest, and had been delayed primarily because of continuances that appellant requested or agreed to. Appellant had experience resolving criminal prosecutions with guilty pleas, but testified that in this case she believed that the civil suit against her somehow replaced the criminal prosecution. The court was set to take her guilty plea, but she did not appear; her bail bond company representative testified that appellant had not been seen in her home for some time before she missed that court appearance.

6

### 3. Assertion of right

Appellant did not assert her right to a speedy trial until after she was re-arrested in January 2002. She first asserted the right on February 14, 2002. The court set a hearing on that motion and on her motion to dismiss for just over a month later—a hearing appellant courteously agreed to reschedule due to the illness of the prosecutor. After the court denied her motion to dismiss, appellant agreed to a June 2002 trial date, then agreed to successive postponements until October 28, 2002, when she finally pled guilty as she had agreed to do forty-seven months earlier. Her case was disposed of eight-and-a-half months after she asserted her right to a speedy trial.

### 4. Prejudice to the accused

Appellant has shown no prejudice from the delay. At the April 2002 pretrial hearing, she did not directly testify about forgetting anything related to the crime itself. She testified that she could not remember meeting her attorney, but she also testified about particular dates on which other events occurred. She did not provide any testimony or evidence regarding any lost evidence or unavailable witnesses.

Appellant's argument that the uncertainty lingering from the unresolved prosecution caused her anxiety that made her change jobs often is inconsistent with her testimony that she thought the civil suit resolved her criminal case; if she believed the criminal case was still pending, then the anxiety was self-induced because it remained pending because she failed to appear at the 1999 plea date to which she agreed. Finally, no prejudice is apparent because appellant ended up pleading guilty in October 2002, just as she had agreed to do in November 1998. There is no evidence that the punishment assessed changed because of the delay.

## CONCLUSION

After examining the relevant factors, we conclude that the State did not shirk any responsibility in its attempt to re-arrest appellant sooner, that the court did not err by denying the motion to dismiss for lack of a speedy trial, and that appellant was not deprived of her federal and state constitutional and statutory right to a speedy trial.  We affirm the judgment.

_____

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Patterson

Affirmed

Filed:   October 23, 2003

Do Not Publish

8